IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CONSTANCE K. GATEWOOD,

    Plaintiff,

v.     CASE NO. 5:18-cv-66-MCR-GRJ

UNLIMITED PATH, INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is ECF No. 12, Defendant Unlimited Path, Inc.'s Verified Motion to Dismiss, and ECF No. 17. Plaintiff has filed a response in opposition and the matter is otherwise ripe for consideration. For the reasons discussed below, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss be **DENIED**.

### I.   Background

In this lawsuit, Plaintiff Constance K. Gatewood alleges violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq.*, against her former employer, Defendant Unlimited Path, Inc. ECF No. 1. Plaintiff was employed by Defendant as the Program Director of an in-prison substance abuse program at Jackson Correctional Institution. *Id.* at

1

4. Plaintiff alleges Defendant failed to provide a reasonable accommodation for her allergy to chemical fragrances and later retaliated against her by demoting her from Program Director to counselor at Northwest Florida Reception Center. *Id.* at 5-6. She seeks monetary damages and attorney's fees. *Id.* at 10.

Plaintiff filed a charge of employment discrimination against Defendant with the Florida Commission on Human Relations (FCHR) on November 23, 2015. ECF No. 17 at 6-11. The FCHR dual-filed her charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* at 11. After an investigation, the FCHR Executive Director issued a determination finding that there was no reasonable cause to believe that an unlawful employment practice had occurred. *Id.* at 14.

Plaintiff then filed a Petition for Relief, and the FCHR referred Plaintiff's charge to the Division of Administrative Hearings ("DOAH") for a formal evidentiary hearing before an administrative law judge ("ALJ"). ECF No. 12-1. The ALJ ruled in favor of Defendant, finding that the greater weight of the evidence showed that Defendant did not deny Plaintiff a reasonable accommodation or retaliate against her under the ADA. *Id.* Accordingly, the ALJ issued a recommended order of dismissal, and

thereafter the FCHR entered a final order dismissing the charge. ECF No. 12-2.

Plaintiff then submitted a request with the EEOC for substantial weight review of the FCHR's findings. ECF No. 17 at 15. On December 7, 2017, the EEOC, after adopting the findings of the FCHR, issued a Dismissal and Notice of Right to Sue. *Id.* at 16. Plaintiff then filed suit in federal district court.

Defendant moves to dismiss Plaintiff's Second Amended Complaint, the operative pleading in this case, on the grounds that it is barred by *res judicata*, collateral estoppel, and the *Rooker-Feldman* doctrine. ECF No. 12 at 1.

## II.   Legal Standard

Determining whether a complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support his claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As the Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a

statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555.

*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Nevertheless, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Id.* (quoting *Estelle*, 429 U.S. at 106).

### III. Application

As a general matter, the findings of state administrative agencies are given preclusive effect by the federal courts. *See United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966). In *Univ. of Tenn. v. Elliott*, the Supreme Court addressed whether the decision of a state administrative agency was entitled to preclusive effect in a subsequent action brought in federal court under Title VII of the Civil Rights Act of 1964 and several of the Reconstruction Era Civil Rights Statutes, including 42 U.S.C. § 1983. 478 U.S. 788 (1986). Although the Supreme Court found that the Full Faith and Credit Act, 28 U.S.C. § 1738, was inapplicable to the judicially unreviewed state administrative decision at issue, the Court found that as a matter of federal common law, that federal courts must give preclusive effect to state administrative findings. *Id.* at 794-99. Accordingly, the Court held that the judicially unreviewed state agency decision had preclusive effect on Plaintiff's claim under 42 U.S.C. § 1983. *Id.* at 797-99.

Notably, however, the *Elliott* Court refused to fashion a rule of preclusion as to claims under Title VII and held that such an administrative decision did not have preclusive effect on a Title VII action. *Id.* at 796. In making this determination the Court considered Title VII's provision requiring the EEOC to give "substantial weight" to the findings of state or

local administrative agencies (§ 2000e–5(b)) and concluded that "it would make little sense for Congress to write such a provision if state agency findings were entitled to preclusive effect in Title VII actions in federal court." *Id.* at 795, citing *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 470 n.7 (1982). The Court further recognized Congress' intent that Title VII plaintiffs receive *de novo* trials in federal court. *Id.* at 795-96, citing *Chandler v. Roudebush*, 425 U.S. 840 (1976).

The Eleventh Circuit has "consistently recognized *Elliott*'s conclusion that Congress did not intend unreviewed state administrative proceedings to have preclusive effect over Title VII claims." *Bishop v. City of Birmingham Police Dep't*, 361 F.3d 607, 610 (11th Cir. 2004). "The clear teaching of *Elliott* is that in a Title VII action a prior state decision enjoys issue preclusive effect only if rendered or reviewed by a court . . . . In contrast, unreviewed administrative determinations lack preclusive effect in a subsequent Title VII action, regardless of any preclusive effect state law might accord to them." *Id.,* quoting *McInnes v. California*, 943 F.2d 1088, 1093-94 (9th Cir. 1991).

In this case, of course, Plaintiff asserts a claim under the ADA, not a Title VII claim. The exception carved out in *Elliott,* however, extends to ADA claims because "the ADA explicitly incorporates all of the enforcement

6

powers, remedies, and procedures of Title VII." *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 828 (6th Cir. 2013), quoting 42 U.S.C. § 12117. "In *Elliott*, the Supreme Court focused on the fact that the EEOC is statutorily required to give 'substantial weight' to the findings of state authorities, strongly implying that the EEOC and the federal courts are not required to give preclusive effect to those findings." *Id.*, citing *Elliott*, 478 U.S. at 795. "The ADA specifically incorporates this very provision." *Id.*, citing § 12117 (stating that the procedures set forth in 42 U.S.C. § 2000e–5 (Title VII) are the same enforcement procedures available to a person alleging disability discrimination under the ADA).[1]

Defendant relies primarily on *Quinn v. Monroe Cnty.*, 330 F.3d 1320 (11th Cir. 2003), for the proposition that the FCHR's determination should be given preclusive effect in this Court. *Quinn*, however, is readily distinguishable.

First, the Plaintiff in *Quinn* brought a § 1983 action after the Monroe County Circuit Court denied certiorari review of *Quinn*'s employment termination decision. The Supreme Court in *Elliott* clearly distinguished the preclusive effect of state administrative proceedings on § 1983 claims

---

[1] The Sixth Circuit further observed that "[e]very court of appeals to have addressed the issue has likewise determined that unreviewed state agency findings do not have preclusive effect in later federal court proceedings under the ADA." *Id.* (citing cases).

7

compared to Title VII claims, and the Eleventh Circuit has recognized that distinction. *See Bishop*, 361 F.3d at 610 (vacating and remanding district court decision that failed to draw a distinction between Title VII and § 1983 with regard to the preclusive effects of state administrative proceedings on actions brought thereunder).

Second, *Quinn* involved a judicial decision rendered by a court of competent jurisdiction not, as here, a final order from a state agency. *See Quinn*, 300 F.3d at 1324.

Last, the *Quinn* court considered Defendant's collateral estoppel argument on a summary judgment motion and not a motion to dismiss. The procedural distinction is important distinction because although Defendant's argument might be appropriate for review on summary judgment it is not appropriate for consideration on a motion to dismiss.

As a final matter, Defendant argues that under the *Rooker-Feldman* doctrine, the FCHR's decision deprives this court of subject-matter jurisdiction over Plaintiff's lawsuit. *Rooker-Feldman* does not apply in this case because there is no final judgment from a state court.

The *Rooker–Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack subject-matter jurisdiction to review final judgments of state courts. *Liedel v. Juvenile Court of Madison*

8

*Cty.*, 891 F.2d 1542, 1545 (11th Cir. 1990). Furthermore, federal courts "may not decide federal issues that are 'inextricably intertwined' with a state court's judgment." *Id.*

The *Rooker–Feldman* doctrine applies only to state court decisions, not to state administrative decisions. *See Narey v. Dean*, 32 F.3d 1521, 1525 (11th Cir. 1994) (citations omitted). If the decision of a state agency has been upheld by a state court, then the *Rooker–Feldman* doctrine applies, because a challenge to the agency's decision necessarily involves a challenge to the judgment of the state court. *Id.* But in this case the FCHR's decision was not appealed and upheld by a state court. Accordingly, *Rooker-Feldman* does not apply to bar Plaintiff's claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Verified Motion to Dismiss, ECF No. 12, should be **DENIED**. Plaintiff should be permitted to proceed with her ADA claim.

**IN CHAMBERS** at Gainesville, Florida, this 17th day of January 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within** fourteen **(14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.